KNOPPOW v. TITLE GUARANTY & CASUALTY CO. OF
AMERICA.

1. INSURANCE—INSURANCE COMPANIES DEFINED—JUSTICES OF PEACE
—JURISDICTION.

Under broad provisions of Act No. 256, Pub. Acts 1917, pt. 3,
chap. 2, § 29, defining life insurance companies, company
issuing policy indemnifying insured against loss and dis-
ability from disease and accident, and also indemnifying
against loss of life due to accidental injury, is life insurance
company within meaning of 3 Comp. Laws 1915, § 14169, pro-
viding that no justice of peace shall have cognizance of actions
against life insurance companies.

2. JUSTICES OF PEACE—JURISDICTION—INSURANCE—STATUTES.

Under 3 Comp. Laws 1915, § 14169, justice of peace is without
jurisdiction to try action to recover indemnity for disability
due to accident, where defendant is "life insurance company"
within meaning of statute (Act No. 256, Pub. Acts 1917, pt. 3,
chap. 2, § 29).

Error to Wayne; McPeek (Russell R.), J., presid-
ing. Submitted October 7, 1930. (Docket No. 6,
Calendar No. 34,742.) Decided December 2, 1930.

Assumpsit by Abe Knoppow in justice's court
against Title Guaranty & Casualty Company of
America, a Michigan corporation, on an insurance
policy. From judgment for plaintiff, defendant ap-
pealed to circuit court. From judgment of no cause
of action, plaintiff brings error. Affirmed.

*Benjamin B. Stepsay* (*Samuel Shimans,* of coun-
sel), for plaintiff.

*Baillie & Murchie,* for defendant.

CLARK, J. Plaintiff had from defendant what is called a health and accident policy covering certain indemnities against loss and disability from disease and accident, and indemnity, payable to father of insured, for loss of life due to accidental bodily injury. Plaintiff suffered disability due to accidental bodily injury and claimed indemnity, $200, to collect which he sued in justice's court.

A defense was 3 Comp. Laws 1915, § 14169:

"No justice of the peace shall have cognizance of * * * actions against life insurance companies, co-operative and mutual benefit associations, fraternal beneficiary societies, for any liability arising out of any policy or benefit certificate contract."

In the circuit court the defense prevailed.

Plaintiff brings error.

In section 2, pt. 3, chap. 1, Act No. 256, Pub. Acts 1917, the different kinds of insurance are set forth, the first "upon the lives and health of persons" and the fourth "against bodily injury or death by accident, or against disability on account of sickness." These are not distinct fields; they merge to a large degree. The same section provides that a corporation may be formed for the combined purposes "specified in the first and fourth sub-sections." Section 9, subd. 2, pt. 3, chap. 1, same act, providing of casualty insurance, makes the provisions of such subdivision applicable to a company or association writing insurance "against disease or against personal injury, disablement or death resulting from accident." Section 29, chap. 2, pt. 3 (treating of life and casualty insurance), same act, states:

"That all corporations, associations, partnerships, or individuals, doing business in this State under any charter, compact, agreement, or statute

of this or any other State, involving an insurance, guaranty, contract, or pledge, for the payment of annuities or endowments, or for the payment of moneys to families, or representatives of policy or certificate holders or members, shall be considered and deemed to be life insurance companies within the meaning of the laws relating to life insurance within this State.''

It was largely upon this quoted section that the trial judge based his decision. The language of the section is sweeping. It is that a corporation, etc., writing insurance, such as the policy before us, shall be considered and deemed to be a life insurance company.

It is difficult to say that a health and accident company is that as to part of the risk covered by its policy and a life insurance company as to another part of its risk when the statute says that a corporation, etc., doing business in the State involving paying money to families, or representatives of a policy holder, is a life insurance company, and that a corporation, etc., doing the kind of business mentioned by such statute is not what the statute says it is—a life insurance company.

The question is not free from doubt, but we are constrained to agree with the trial judge. See *Johnson* v. *Fidelity & Casualty Co.,* 184 Mich. 406 (L. R. A. 1916A, 475).

Affirmed.

Wiest, C. J., and Butzel, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.